**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**ANTWANN MILLER, #1909565**

        **Petitioner,**

    **v.**                              **Civil No. 2:19cv318**

**HAROLD W. CLARKE, Director,
Virginia Department of Corrections,**

        **Respondent.**

## FINAL ORDER

    This matter is before the Court on an Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 42, and the Respondent's Motion to Dismiss, ECF No. 53. Also pending are two requests for entry of default filed by Petitioner. ECF Nos. 58, 64. In his federal habeas petition, the <u>pro</u> <u>se</u> Petitioner alleges violations of federal rights pertaining to his convictions in the City of Portsmouth Circuit Court for two counts of rape, four counts of forcible sodomy, and one count of object sexual penetration. ECF No. 42, at 1; ECF Nos. 55-1, 55-2.

    Petitioner's federal case began with a mandamus petition that referenced the United States and Virginia Constitutions, federal civil rights statutes, the Universal Commercial Code ("UCC"), and principles of sovereign immunity, among other legal theories, and it was supported by countless exhibits, affidavits, and submissions. <u>See</u> <u>generally</u>, ECF Nos. 1-38. In December of 2020,

in deference to Petitioner's pro se status, the Court informed Petitioner that attacks on his state court convictions are properly pursued in this Court through a § 2254 habeas petition.  ECF No. 39.  The Court provided Petitioner a copy of the standardized § 2254 form, and Petitioner filed his § 2254 motion in January of 2021.  ECF No. 42.

The habeas proceeding was then referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.  ECF No. 44.  After habeas briefing was complete and several related motions became ripe, on January 20, 2022, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending: (1) denial and dismissal of the § 2254 petition with prejudice; and (2) denial of Petitioner's two related motions seeking default judgment.  ECF No. 65.  The Magistrate Judge also denied a related motion filed by Petitioner seeking a stay.  Id.  Petitioner timely filed objections to the R&R, ECF No. 68, and Respondent did not file a response.

As explained in detail in the R&R, ECF No. 65, Petitioner's § 2254 motion raises statutory and constitutional speedy trial claims and one or more ineffective assistance of counsel claims predicated on appellate counsel's purported errors.  Petitioner, however, never presented any of these claims to the Virginia

2

Supreme Court as his direct appeal was limited to a sufficiency of the evidence claim and he never filed a state habeas petition. The R&R concludes that all of Petitioner's habeas claims should be dismissed, either because the claim is not cognizable on federal habeas review (the statutory speedy trial claim fell into this category), or because the claim is both defaulted and procedurally barred pursuant to Virginia law (all other claims fell into this category).  ECF No. 65, at 10-12.

This Court, having reviewed the record and examined the objections filed by Petitioner, and having made de novo findings with respect to the portions of the R&R that were properly objected to, hereby **ADOPTS** and **APPROVES** the findings and recommendations set forth in the R&R.  The Court notes that a significant portion of Petitioner's purported "objections" to the R&R improperly address the merits of his speedy trial and ineffective assistance claims rather than the propriety of the Magistrate Judge's recommendation that the § 2254 habeas petition be dismissed on procedural grounds.  Similarly, though Petitioner specifically identifies certain factual errors that the Magistrate Judge purportedly committed, these errors are immaterial to the proposed resolution of the habeas petition. For example, Petitioner asserts that the Magistrate Judge improperly stated the length of

3

Petitioner's state-court sentence,[1] included background facts that Petitioner contests, and omitted other facts that Petitioner asserts should have been recognized (such as the absence of trial testimony from certain potential witnesses, or that the victim was purportedly sexually active at the time of Petitioner's crimes). These fact objections, even after de novo review, fail to undercut the reasoning or the recommended findings set forth in the R&R.

In addition to disputing certain facts and arguing the merits of his habeas claims, Petitioner's objections repeatedly contend that the Magistrate Judge should have found Respondent in "default" for failing to reply to various affidavits Petitioner filed in this Court before and after his habeas petition was properly filed. Such claims, however, fail for two reasons: (1) the same theory was previously rejected by this Court, ECF No. 44, at 2; and (2) Respondent filed a timely Rule 5 Answer and motion to dismiss within the time allotted by the Magistrate Judge. ECF Nos. 53-55. Petitioner's legal "objections" unrelated to exhaustion or procedural default therefore fail to undercut the reasoning or the recommended findings set forth in the R&R.

---

[1] Petitioner asserts that his sentence is only 15 years, not 35 years, citing to his state-court sentencing order in Case No. CR17-1189, which involved three counts of conviction. ECF No. 55-1. However, Petitioner was convicted of four additional crimes in two different state cases, Case Nos. CR17-1190 (5 year sentence) and CR17-1191 (15 year sentence); accordingly, the Magistrate Judge did not misstate the total sentence. Moreover, even if he did, such error has no bearing on the procedural dismissal of Petitioner's § 2254 motion.

To the extent Petitioner's objections can be construed as arguing that Petitioner's habeas claims are not procedurally defaulted,[2] or that there is a justification for Petitioner's default, they are considered _de novo_. However, nothing in Petitioner's objections, or the record as a whole, supports deviating from the analysis and conclusions reached by the Magistrate Judge.

Petitioner appears to argue that his speedy trial claims (or other claims) are not defaulted because Petitioner repeatedly instructed his counsel to advance such claims on appeal; however, the law generally requires that claims actually be presented to the Supreme Court of Virginia before a federal habeas claim can be pursued, and counsel's election not to raise the speedy trial claims on appeal resulted in the lack of presentment. Following counsel's election, the state habeas process afforded Petitioner the right to challenge appellate counsel's performance in an effort to have his speedy trial claims (or other claims) heard; however, Petitioner's failure to file a state habeas petition similarly

---

[2] It appears that Petitioner submitted various pro se filings in state court seeking to dispute the validity of his charges or conviction, see e.g., ECF No. 68, at 36-38, 84-99; however, most of these filings were submitted before Petitioner's direct appeal process was complete and none of the filings were interpreted by the state court as a state habeas petition. Moreover, even at this stage of the proceedings, Petitioner fails to carry his burden to demonstrate that he exhausted any of his federal habeas claims through first filing a habeas petition in state court. See ECF No. 55 ¶ 24 (discussing Petitioner's failure to allege that he pursued state habeas relief and proffering that Respondent was unable to locate a state habeas petition after searching the state-court automated docket system).

means that the claims he pursues today were never presented to the Supreme Court of Virginia. See Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) ("[S]tate exhaustion has long and sensibly been a prerequisite for federal habeas review of constitutional challenges to state convictions for . . . the exhaustion requirement 'is rooted in considerations of federal-state comity' and Congress' determination in 28 U.S.C. § 2254(b) that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n.10 (1973))).

To the extent Petitioner's objections seek to demonstrate actual innocence of the crimes of conviction, he does not present new evidence and instead merely offers his ongoing disagreement with the reliability/sufficiency of the trial evidence. See House v. Bell, 547 U.S. 518, 536-37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" (emphasis added) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995))). Similarly, to the extent Petitioner argues that his default should be excused based on appellate counsel's deficiencies, Petitioner fails to demonstrate that counsel's purported errors precluded him from timely filing a state habeas claim alleging a Sixth Amendment speedy trial violation or right-

to-counsel violation.   Petitioner therefore fails to demonstrate "cause" to overcome his procedural default[3] or actual innocence.

As to all other "objections" that are not specific and/or not responsive to the Magistrate Judge's procedural ruling,[4] the Court has reviewed the record and has found no clear error.  See Doss v. Clarke, No. 7:14cv15, 2015 WL 1383234, at *2 (W.D. Va. Mar. 23, 2015) (explaining that "clear error" review applies in the absence of a "specific objection" to a finding in the R&R); Hart v. Warden of Broad River Corr. Inst., No. CA009-997-HMH-PJG, 2010 WL 2232213, at *2 (D.S.C. June 3, 2010) (declining to individually analyze all but one objection because the majority of the objections were "non-specific," "unrelated to the dispositive portions" of the R&R, or "merely restat[ed]" the petitioner's claims).  Accordingly, all of

---

[3] Even if a Virginia appellate lawyer's failure to raise a claim on appeal could constitute "cause" to overcome a petitioner's procedural default, on this record, Petitioner fails to demonstrate that appellate counsel's decision not to raise a speedy trial claim under the United States Constitution satisfies either prong of the ineffective assistance standard. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a petitioner to prove both that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice).

[4] As noted in the R&R, it is difficult to discern the precise habeas claims advanced by Petitioner based on the format of his submissions, and it is similarly difficult to identify the precise objections he advances in his lengthy submission intended as "objections" to the R&R.  To the extent that Petitioner contends that "default" by the state court trial judge is an independent basis for habeas relief, see ECF No. 42, at 34-38, such claim, which was not timely presented to the Supreme Court of Virginia on direct appeal or through a state habeas petition, is **DISMISSED** as simultaneously exhausted and procedurally defaulted for the same reasons as Petitioner's other claims.

Petitioner's objections to the R&R's analysis of his habeas petition are **OVERRULED**.

In addition to recommending dismissal of the § 2254 petition, the Magistrate Judge recommends denial of two "motions for entry of default." ECF No. 65, at 14-15. These motions argue that Respondent failed to answer interrogatories, engage in discovery, or respond to other affidavits or motions. ECF Nos. 58, 64. Once again, Petitioner does not appear to offer specific objections to the Magistrate Judge's proposed ruling, but even if he did, a de novo review reveals that the Magistrate Judge's recommended denial of both motions is proper, as no discovery was ordered in this habeas case and no "default" occurred. Similarly, Petitioner's references in his objections to UCC Liens or the right to the dismissal of all charges due to lack of "Answers" to his affidavits are denied for lack of merit.

For the reasons explained above, the R&R is **ADOPTED** in full. It is **ORDERED** that Petitioner's motions for entry of default, ECF Nos. 58 and 64, are **DENIED**; that Respondent's Motion to Dismiss, ECF No. 53, is **GRANTED**; and that the amended habeas petition, ECF No. 42, is **DENIED** and **DISMISSED WITH PREJUDICE**.[5] It is further **ORDERED** that judgment be entered in favor of the Respondent.

---

[5] The Magistrate Judge resolved Petitioner's "Motion for Stay and Abeyance" as a non-dispositive motion properly resolved without the need for a report and recommendation. ECF No. 65, at 15. Therefore, this Court does not review such resolved motion, though it notes for the record that: (1) Petitioner's stay

Finding that the procedural basis for dismissal of the § 2254 petition is not debatable, and it further appearing that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within thirty (30) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

---

motion was not filed in this Court until July of 2021, shortly after Petitioner's state-court habeas limitations period expired; (2) Petitioner's objections do not demonstrate that the Magistrate Judge erred in denying the stay motion; (3) Petitioner's medical arguments in support of a stay do not adequately address why he failed to file a state habeas petition during the second half of 2020 or the first half of 2021; and (4) Petitioner offers no evidence or argument revealing that he filed a timely (or untimely) state habeas petition before filing his federal stay motion or at any point after filing his stay motion, to include the multi-month period when the stay motion was pending in this Court.

The Clerk is **REQUESTED** to forward a copy of this Order to Petitioner and to counsel of record for the Respondent.

It is so **ORDERED**.

_____
/s/
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March ___23___, 2022

10